IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZERO TECHNOLOGIES, LLC<br><br>    Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY<br>AND BRITA, LP,<br><br>    Defendants. | Case No. 2:22-cv-03989<br><br>Hon. Kelley Hodge |

**<u>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

  Pursuant to Federal Rule of Evidence 201 ("Rule 201"), Defendants The Clorox Company and Brita, LP ("Defendants") respectfully request that the Court take judicial notice of the following documents for the reasons set forth below.

  1.  The 2007 version of the NSF 53 Standard, a true and correct copy of which is attached as Exhibit A;

  2.  United States Patent No. 8,167,141 ("the '141 Patent"), available at https://ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8167141, a true and correct copy of which is attached as Exhibit B;

  3.  The 1997 Guidelines for Implementation of the ANSI Patent Policy, a true and correct copy of which is attached as Exhibit C;

  4.  Brita's December 23, 2021 Complaint filed in the ITC Action,[1] a true and correct copy of which is attached as Exhibit D;

---

[1] *In the Matter of Certain High-Performance Gravity-Fed Water Filters and Products Containing the Same*, Investigation No. 337-TA-1294.

1

5. ZeroWater's February 22, 2022 Response to Brita's Complaint filed in the ITC Action, a true and correct copy of which is attached as Exhibit E;

6. Excerpts of the public version of the transcript of Day 2 (August 18, 2022) of the Evidentiary Hearing in the ITC Action, true and correct copies of which are attached as Exhibit F;

7. Excerpts of the public version of the transcript of Day 4 (August 22, 2022) of the Evidentiary Hearing in the ITC Action, true and correct copies of which are attached as Exhibit G;

8. Excerpts of the public version of the transcript of Day 5 (August 23, 2022) of the Evidentiary Hearing in the ITC Action, true and correct copies of which are attached as Exhibit H;

9. Excerpts of the public version of the transcript of Day 6 (October 13, 2022) of the Evidentiary Hearing in the ITC Action, true and correct copies of which are attached as Exhibit I;

10. The public version of Brita's July 18, 2023 Statement on Remedy, The Public Interest, and Bonding, and Exhibit CXPI 14 thereto, filed in the ITC Action, true and correct copies of which are attached as Exhibit J;

11. The public version of the ITC's September 22, 2023 Commission Opinion in the ITC Action, a true and correct copy of which is attached as Exhibit K; and

12. The October 30, 2023 Notice of Docketing in the Federal Circuit Appellate Action,[2] a true and correct copy of which is attached as Exhibit L.

## I. LEGAL STANDARD

In deciding a motion for judgment on the pleadings ("MJOP"), a court may consider materials subject to judicial notice under Rule 201 without converting the pleadings motion into a

---

[2] *Brita LP v. ITC*, 24-1098 (Fed. Cir. 2024) [Dkt. 1].

motion for summary judgment. *See*, *e.g.*, *Spector Gadon & Rosen, P.C. v. Fishman*, No. CIV. A. 13-2691, 2015 WL 1455692, at *6 (E.D. Pa. Mar. 30, 2015), *aff'd*, 666 F. App'x 128 (3d Cir. 2016)); *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991). Rule 201 "permits a court to take judicial notice of facts that are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (quoting Fed. R. Evid. 201(b)(2)). In considering a pleadings motion, the court may consider documents integral to or explicitly relied up on in the complaint, and matters of public record, including filings and decisions of government agencies and administrative bodies. *See*, *e.g.*, *Breyer v. Meissner*, 23 F. Supp. 2d 521, 526 (E.D. Pa. 1998), *rev'd on other grounds*, 214 F.3d 416 (3d Cir. 2000).

The court "must take judicial notice if a party requests it and the court is supplied with the necessary information," (Fed. R. Evid. 201(c)(2)), and may properly consider these documents "for the limited purpose of showing that a particular statement was made by a particular person," but "not for the truth of the matters purportedly contained within those documents." *Roche v. Aetna, Inc.*, No. 1:22-CV-00607-NLH-EAP, 2023 WL 3173394, at *4 (D.N.J. May 1, 2023) (quoting *Oran*, 226 F.3d at 289).

## II. ARGUMENT

### A. The Court Should Take Judicial Notice of Documents Relied upon in or Integral to the Complaint

The Court should take judicial notice of Exhibits A-E because ZeroWater's Complaint explicitly cites to and relies upon each of these documents. Courts may take judicial notice of documents that are "integral to or explicitly relied upon" in the complaint. *Neer v. Pelino*, No. CV 04-4791, 2005 WL 8176906, at *2 (E.D. Pa. Sept. 23, 2005) (quoting *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Documents are integral to the

complaint, even if not explicitly cited to, when claims in the complaint are "based on" them. *Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738, 739 (3d Cir. 2020).

ZeroWater's Complaint explicitly cites Exhibits A-E, as follows:

- Exhibit A (NSF 53 Standard): Compl. ¶¶ 5, 17, 30, 31, 34;

- Exhibit B (the '141 Patent): Compl. ¶¶ 12, 72, 75, 76, 77, 78, 79, 81, 82, 83;

- Exhibit C (1997 Guidelines for Implementation of the ANSI Patent Policy): Compl. ¶¶ 46, 48, 49, 111;

- Exhibit D (Brita's ITC Complaint): Compl. ¶¶ 76, 83, 89, 105, 106, 128, 131, 133;

- Exhibit E (ZeroWater's Response to Brita's ITC Complaint): Compl. ¶ 107.

In addition, each of these Exhibits are integral to ZeroWater's Complaint because each serves as a basis for ZeroWater's claims against Defendants. Exhibits A and B are integral to ZeroWater's allegation that the '141 Patent is essential to the NSF 53 Standard, *see, e.g.*, Compl. ¶ 10, and the Court may consider the patent and the standard themselves in assessing the plausibility of that allegation. *See, e.g.*, *Spizzirri*, 802 F. App'x at 739 (affirming that judicial notice of a memo that served as the basis for the claims in the complaint was proper). Similarly, Exhibit C is integral to ZeroWater's allegation that Defendants had an obligation to disclose the '141 Patent to the NSF. (*See* Compl. ¶¶ 164, 165, 166.) Exhibit D is integral to ZeroWater's allegation that Brita engaged in a "patent ambush," allegedly waiting until its competitors were locked-in to technology covered by the '141 Patent and then "asserting its patent rights through litigation," (Compl. ¶ 102.) Finally, Exhibit E forms the basis for ZeroWater's allegation that, in the related ITC Action, it denied that "the '141 Patent is valid, enforceable and infringed." (Compl. ¶ 107.) Because ZeroWater's Complaint quotes, cites, and/or relies upon Exhibits A-E, the Court may judicially notice them and consider them in adjudicating Defendants' MJOP. *See*

*Vrakas v. United States Steel Corp.*, No. CV 17-579, 2018 WL 4680314, at *6 (W.D. Pa. Sept. 29, 2018) (taking judicial notice of ITC hearing transcripts that the complaint quoted, cited, or relied upon).

### B. The Court Should Take Judicial Notice of Matters of Public Record

The Court should take judicial notice of Exhibits B and D-L because these documents are public records from government agencies and their accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b)(2). "Public records include . . . letter decisions of government agencies, published reports of administrative bodies, judicial opinions, and hearing transcripts." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 632 (3d Cir. 2018) (internal citations omitted). They also include publicly available filings, orders, and records in administrative agency proceedings. *See, e.g.*, *FCS Capital LLC v. Thomas*, 579 F. Supp. 3d 635, 647 (E.D. Pa. 2022) (taking judicial notice of filings and opinions in related Pennsylvania Disciplinary Board proceedings); *Vrakas*, 2018 WL 4680314, at *6 (taking judicial notice of publicly disclosed U.S. Security and Exchange Commission filings); *Breyer*, 23 F. Supp. 2d at 526 (taking judicial notice of administrative agency's opinions and final decision); *Millennium Dental Techs. Inc. v. Terry*, No. SA CV 18-0348-DOC(KESx), 2018 WL 5094965, at *5–6 (C.D. Cal. July 16, 2018) (taking judicial notice of, *inter alia*, the plaintiff's complaint and motion for voluntary termination from a related ITC proceeding); *Combier v. Biegelson*, No. 03-CV-10304 (GBD), 2005 WL 477628, at *1 (S.D.N.Y. Feb. 28, 2005), *aff'd sub nom*. *Combier–Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of hearing transcripts and decisions from Commission on Special Education administrative record). Documents made publicly available on government websites are also public records properly subject to judicial notice. *Vanderklok v. United States*, 868 F.3d 189, 205, n.16 (3d Cir. 2017); *Spizzirri*, 802 F. App'x at 739 (affirming

5

decision to take judicial notice of a memo that the public had "unqualified access" to on the Food and Drug Administration website); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 705, n.5 (3d Cir. 2004) (taking judicial notice of records available on the U.S. Patent and Trademark Office website).

### a. The '141 Patent

Exhibit B is a patent issued by the U.S. Patent and Trademark Office that is publicly available on the USPTO's website. As such, it is in the public record and properly subject to judicial notice as a document whose authenticity cannot reasonably be questioned. *Kos Pharms.*, 369 F.3d at 705, n.5; Fed. R. Evid. 201(b)(2).

### b. ITC Action Pleadings

Exhibits D (Brita's ITC Complaint) and E (ZeroWater's Response to Brita's ITC Complaint) are publicly filed pleadings in the ITC Action and, thus, properly subject to judicial notice. *See Millennium Dental Techs*, 2018 WL 5094965, at *5–6 (taking judicial notice of an ITC complaint); *Arista Networks, Inc. v. Cisco Sys., Inc.*, No. 16-CV-00923-BLF, 2018 WL 11606358, at *1–2 (N.D. Cal. Feb. 14, 2018) (same).

### c. ITC Action Hearing Transcripts

Exhibits F-I are excerpts of the public version of transcripts of the ITC's evidentiary hearing and are, thus, matters of public record. Courts routinely find that transcripts of administrative agency hearings are subject to judicial notice. *See*, *e.g.*, *DeSoto Cab Co., Inc. v. Uber Techs., Inc.*, No. 16-CV-06385-JSW, 2020 WL 10575294, at *2 (N.D. Cal. Mar. 25, 2020) ("Judicial notice is appropriate for public records, including transcripts . . . by administrative agencies and courts"); *see also Combier*, 2005 WL 477628, at *1 (taking judicial notice of the Board of Education administrative record, including hearing transcripts); *Frank v. Sachem Sch.*

*Dist.*, 84 F. Supp. 3d 172, 183–84 (E.D.N.Y. 2015), *aff'd*, 633 F. App'x 14 (2d Cir. 2016) (same); *Bahra v. Cnty. of San Bernardino*, No. EDCV 16-1756 JGB(SPx), 2018 WL 6133666, at *1–2 (C.D. Cal. May 17, 2018), *aff'd in part, rev'd in part and remanded on other grounds*, 945 F.3d 1231 (9th Cir. 2019) (taking judicial notice of the administrative record, including transcripts from Civil Service Commission hearings); *Hardy v. Cnty. of El Dorado*, No. CIV. S-07-0799 RRB EFB, 2008 WL 268966, at *5 (E.D. Cal. Jan. 29, 2008) (taking judicial notice of an abatement hearing transcript and Zoning Administrator's Order).

d.  **Brita's Statement on Remedy and Exhibit in the ITC Action**

The Court should take judicial notice of Exhibit J, the public version of Brita's July 25, 2023 Statement on Remedy, The Public Interest, and Bonding, as well as Exhibit CXPI 14 thereto, which were both filed on the docket in the ITC Action. Documents filed in the administrative agency record are a matter of public record and therefore appropriately subject to judicial notice. *See FCS Capital*, 579 F. Supp. 3d at 647–48 (taking judicial notice of publicly available filings and opinions related to a Pennsylvania Disciplinary Board proceeding); *see also Millennium Dental Techs.*, 2018 WL 5094965, at *5–6 (taking judicial notice of ITC filings, such as respondents' motion for summary judgment and plaintiff's motion voluntarily terminating its ITC investigation, "since they are court records from an ITC proceeding").

e.  **The ITC Action Commission Opinion**

The Court should also take judicial notice of Exhibit K, the public version of the ITC's September 22, 2023 Commission Opinion in the ITC Action as "it is proper for [a court] to take judicial notice of decisions of an administrative agency." *Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 255–56 (3d Cir. 2000) (affirming judicial notice of an appeals board decision affirming the Parole Commission's decision); *see also Arista*, 2018 WL 11606358, at

*1–2 (taking judicial notice of orders filed in an ITC action because those documents were in the public record); *Breyer*, 23 F. Supp. 2d at 526 (taking judicial notice of the "undisputedly authentic" decisions of the Administrative Appeals Unit of the Immigration and Naturalization Service); *Roche*, 2023 WL 3173394, at *4 (taking judicial notice of the New Jersey School Employees' Health Benefits Commission's final determination).

### f. The ITC Action Notice of Appeal

Finally, the Court should take judicial notice of Exhibit L, the October 30, 2023 Notice of Appeal for the ITC Action, because it is a docket entry in a court proceeding and, thus, a matter of public record. Courts regularly take judicial notice of notices of appeal. *See McCallum v. Pennsylvania*, No. 4:13-CV-00266, 2014 WL 4252412, at *2 (M.D. Pa. Aug. 26, 2014) ("The dockets in McCallum's appeal of the forfeiture action are public records of which we can take judicial notice"); *Paul Evert's RV Country, Inc. v. Universal Underwriters Ins. Co.*, No. 1:15-00124 WBS SKO, 2016 WL 3277175, at *1 (E.D. Cal. June 14, 2016) (taking judicial notice of the notice of appeal in the underlying case "because [it is a] matter[] of public record whose accuracy cannot reasonably be questioned").

## III. CONCLUSION

For the foregoing reasons, the Court may take judicial notice of and consider Exhibits A-L without converting Defendants' MJOP into a motion for summary judgment. Accordingly, this Court should grant Defendants' Request for Judicial Notice in its entirety.

Dated: June 11, 2024

MORRISON & FOERSTER LLP

By: */s/ Bonnie Lau*
Bonnie Lau (admitted *pro hac vice*)
Email: BLau@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Lisa Marie Phelan (PA 46969)
Email: LPhelan@mofo.com
Alexander P. Okuliar (admitted *pro hac vice*)
Email: AOkuliar@mofo.com
Mary G. Kaiser (admitted *pro hac vice*)
Email: MKaiser@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Attorneys for Defendants*
*The Clorox Company and Brita, LP*