IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZERO TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY<br>AND BRITA, LP,<br><br>Defendants. | Case No. 2:22-cv-03989<br><br>Hon. Kelley Hodge |

**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**I.     INTRODUCTION**

ZeroWater concedes that this Court should take judicial notice of certain Exhibits referenced or relied upon in the Complaint, and of documents in the public record. ZeroWater thus tacitly concedes that the Court may properly take judicial notice of all of the Exhibits in Defendants' Request for Judicial Notice ("RJN") (Dkt. 67) in support of their Motion for Partial Judgment on the Pleadings ("MJOP") (Dkt. 66), without converting the MJOP into a summary judgment motion.

ZeroWater claims that Defendants failed to disclose their intent to obtain an allegedly standard essential patent in the early 2000s when NSF revised its 53 Standard. But as Defendants establish in their MJOP, ZeroWater's claims are undermined and contradicted by ZeroWater's sworn statements to the U.S. International Trade Commission ("ITC") that the '141 Patent is ***not*** essential to the NSF 53 Standard, and indeed, an invalid patent. While ZeroWater agrees the Court should take judicial notice of ITC records such as Brita's ITC complaint, it paradoxically seeks to block the Court from considering other publicly available ITC records showing that ZeroWater is speaking out both sides of the mouth. The Court should appropriately consider the other ITC

1

records which establish ZeroWater's inconsistent positions, and which render implausible under *Twombly* ZeroWater's allegations that the '141 Patent is standard essential.

ZeroWater ignores the numerous cases that Defendants cited showing that courts routinely take judicial notice of ITC transcripts and materials (RJN at 4-8), and simply half-heartedly objects (in part) to Defendants' request for judicial notice of various exhibits from the ITC Action that are "matters of public record," including the Commission opinion, ITC hearing transcripts, and ZeroWater's own public ITC filings. (Dkt. 68, Opposition to MJOP ("Opp.") at 2.) ZeroWater contends judicial notice should be denied because considering such documents would allow the Court to make findings of fact "regardless of what ZeroWater's Complaint says," and would convert Defendants' MJOP into a motion for summary judgment. (*Id.*) ZeroWater is wrong on the law and mischaracterizes how Defendants rely on the Exhibits, which are not being cited for the truth of the matter asserted. The Court should reject ZeroWater's objections and grant Defendants' Request for Judicial Notice of Exhibits A through L in its entirety.

## II. ARGUMENT

### A. ZeroWater Concedes That the Court Should Take Judicial Notice of Exhibits A, B and D

ZeroWater concedes that judicial notice of Exhibit A (Dkt. 67-1, NSF 53 Standard), Exhibit B (Dkt. 67-2, '141 Patent) and Exhibit D (Dkt. 67-4, Brita's ITC Complaint) is appropriate and would not convert Defendants' MJOP into a motion for summary judgment. (*See* Opp. at 4, n.5.) Accordingly, the Court should judicially notice Exhibits A, B and D. *See Alberici v. Recro Pharma, Inc.*, No. 18-2279, 2021 WL 798299, at *5 (E.D. Pa. Mar. 1, 2021) (taking judicial notice of public records where plaintiff did not oppose judicial notice).

### B. The Court Should Take Judicial Notice of Exhibits C and E Because They Are Documents Integral to and Relied Upon In the Complaint

ZeroWater concedes that the Court can take judicial notice of documents "integral to and relied on in the Complaint." (Opp. at 4, n.5.) Indeed, it is well-setlled that documents referenced in or integral to the complaint can be judicially noticed. *See e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1996). For that reason, Defendants argued that this Court should take judicial notice of Exhibit C (Dkt. 67-3, 1997 Guidelines for Implementation of the ANSI Patent Policy) and Exhibit E (Dkt. 67-5, ZeroWater's Response to Brita's ITC Complaint), both of which are referenced in, relied upon, and integral to ZeroWater's Complaint. (RJN at 3-4.) ZeroWater offers no plausible explanation for why these documents should not be judicially noticed; as discussed above, ZeroWater does not dispute that similar documents (Exhibits A, B and D) can be properly judicially noticed without converting the MJOP into a summary judgment motion. Accordingly, this Court should judicially notice Exhibits C and E.

### C. The Court Should Take Judicial Notice of Exhibits B and D Through L Because They Are Matters of Public Record

ZeroWater concedes that at the pleadings stage, the Court may consider "matters of public record." (Opp. at 2 (*citing Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019)).) Defendants argued that the Court should take judicial notice of Exhibits B and D-L because they are public records from government agencies (specifically from the ITC Action) and their accuracy cannot reasonably be questioned. (*See* RJN at 5-8); Fed. R. Evid. 201(b)(2). In response, ZeroWater argues that the Court should not take judicial notice of these documents because examining materials from another proceeding converts Defendants' MJOP into a motion for summary judgment and may contradict the Complaint. (Opp. at 2-3.) Not so.

*First*, courts in this district routinely take judicial notice of matters of public record, including documents from prior litigation like the ITC Action, without converting a motion for

3

judgment on the pleadings or a motion to dismiss into a motion for summary judgment. *See e.g.*, *United States ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 140 (E.D. Pa. 2012) ("[C]ourts regularly take judicial notice" of documents from prior litigation in the public record); *Price v. Foremost Indus., Inc.,* No. 17-00145, 2017 WL 6596726, at *5 (E.D. Pa. Dec. 22, 2017) ("Taking judicial notice of the existence of other proceedings does not convert a motion to dismiss into a motion for summary judgment as long as the court does not take judicial notice of those proceedings to find facts."). ZeroWater agrees that the Court may and should take judicial notice of Exhibit D, which is Brita's ITC Complaint. (*See* Opp. at 4, n.5.) Indeed, even ZeroWater's cited case, *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, notes that on a motion to dismiss, a court may take judicial notice of another court's opinion. 181 F.3d 410, 426 (3d Cir. 1999). While ZeroWater cites *Lum v. Bank of America* for the proposition that a court may only judicially notice documents from another proceeding for their existence, not for the truth of the facts asserted, 361 F.3d 217, 222 n.3 (3d Cir. 2004), that concedes the point—that is exactly what Defendants ask the Court to do here. Because ZeroWater does not dispute that Exhibits B and D-L are matters of public record whose authenticity cannot be questioned, and because Defendants do not offer them for the truth of the matter asserted, this Court should take judicial notice of these documents without converting Defendants' MJOP into a summary judgment motion.

**Second**, ZeroWater's arguments that Defendants "cherry-picked" evidentiary materials from the ITC Action and seek judicial notice of "several hundred pages of evidentiary materials" have no bearing on the judicial notice inquiry.[1] (*See* Opp. at 3.) That ZeroWater may regret its

---

[1] Defendants inadvertently misattributed Dr. Freeman's testimony to Dr. Hatch, whose testimony Dr. Freeman was responding to. (*See* Dkt. 67-9, Ex. I.) This does not change the fact that Dr. Freeman's hearing testimony (and the testimony of other witnesses in the ITC Action) are matters of public record subject to judicial notice.

4

sworn testimony and arguments made to the ITC is no barrier to judicial notice, nor is there any volume limitation for judicially noticeable documents. *See e.g.*, *Stauffer v. Simpkins*, No. 13-1094, 2015 WL 667012, at *1 (E.D. Pa. Feb. 13, 2015) (explaining that on a Rule 12(c) motion, the court must view the complaint allegations in favor of plaintiff, but may also "consider matters of public record, items subject to judicial notice, and unquestionably authentic documents attached to the complaint or defense motion, and ***discredit [the plaintiff's] allegations if they are inconsistent with such documents***") (emphasis added).[2]

## III.   CONCLUSION

Accordingly, Defendants respectfully request that the Court grant their RJN in its entirety and take judicial notice of Exhibits A through L. (Dkt. 67-1 to Dkt. 67-12.)

---

[2] ZeroWater also argues, without citation, that Defendants' RJN was improper because it was separately filed "to evade this Court's page limitation on briefs." (Opp. at 4.) Neither the local rules of the Eastern District of Pennsylvania nor this Court's Judicial Policies and Procedures specify that requests for judicial notice must be filed within a given motion, and litigants in this district routinely separately file motions and requests for judicial notice. *See e.g.*, *International ProcessPlants and Equipment Corp. v. Harris et al*, No. 2:22-cv-01630-KBH, Dkt. 52 (E.D. Pa. Mar. 29, 2023) (Hodge, J.) (granting separately-filed request for judicial notice in support of motion to dismiss).

Dated: July 2, 2024 MORRISON & FOERSTER LLP

By: */s/ Bonnie Lau*
Bonnie Lau (admitted *pro hac vice*)
Email: BLau@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Lisa Marie Phelan (PA 46969)
Email: LPhelan@mofo.com
Alexander P. Okuliar (admitted *pro hac vice*)
Email: AOkuliar@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037

Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Attorneys for Defendants*
*The Clorox Company and Brita, LP*